Case 1:25-cv-00617-LEW   Document 1   Filed 12/11/25   Page 1 of 3   PageID #: 1

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED AND FILED

DEC 11 2025

ERIS M STORMS CLERK
BY
DEPUTY CLERK

# COMPLAINT FOR INVERSE CONDEMNATION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Brent Elisens files this Complaint against Defendants Maine Instrument Flight(MIF), University of Maine System(UMA) and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter as it involves an action for Inverse Condemnation under the Fifth and Fourteenth Amendments of the U.S. Constitution, and related state tort claims. Venue is proper as the property is located in Kennebec, Maine, and the material events occurred within this jurisdiction.

## STATEMENT OF FACTS

2. Legal precedent, established in cases such as *United States v. Causby*, 328 U.S. 256 (1946), *Branning v. United States*, 654 F.2d 88 (Ct. Cl. 1981), and *Griggs v. Allegheny County*, 369 U.S. 84 (1962), holds that frequent and low-altitude flights over private property may constitute a regulatory taking or condemnation, necessitating just compensation.

3. The Plaintiff is the lawful owner/tenant of the residential property located in Kennebec County, Maine.

4. Commencing in 2022 and continuing through the present date, Defendants have conducted a pattern of frequent, low-altitude overflights of the Plaintiff's residence.

5. A comparison of flight activity indicates a significant escalation in frequency. For example, the aircraft N71UM made approximately 125 flights in 2022 and approximately 575 flights in 2023. MIF operates more than 10 aircraft

6. The nature of the flights includes, but is not limited to, low-altitude training laps and flight paths that deviate from typical or necessary routes to repeatedly pass over or directly adjacent to the Plaintiff's property.

7. The noise, vibration, and persistent intrusion caused by these frequent, low-altitude flights substantially interfere with the Plaintiff's private use and enjoyment of the property, including the Plaintiff's inability to conduct daily life activities, which include work and study from the residence. Plaintiff is not sitting at home playing video games. If you refer to Plaintiff's ResearchGate publication on AI cooling/server/water problems( https://doi.org/10.13140/RG.2.2.18837.44001 ), then the Plaintiff's GitHub repository H20ESP32( https://github.com/sixie6e/H20ESP32 ), you can clearly see that the residence is not used for entertainment purposes, but real world problems that the Defendants are objectively making worse. The interference is of such a degree as to constitute a physical and regulatory taking of an avigation easement over the Plaintiff's property.

8. The Plaintiff notified both Defendants of the persistent overflights and requested cessation or modification of the flight paths.

- In 2023, Plaintiff approached the MIF office to request they cease the overflights. The request was denied.

- Plaintiff contacted UMA via email and phone regarding the flight problems. Plaintiff was advised to file complaints with the Federal Aviation Administration (FAA) Flight Standards District Office (FSDO), which Plaintiff did, with automated response.

- On September 28, 2025, Plaintiff provided notice to both Defendants of the intent to initiate litigation if the overflights did not cease. UMA in aircraft N71UM started doing laps over Plaintiff's residence IMMEDIATELY afterwards( https://www.instagram.com/reel/DPJyHPDjnhj/ ).

9. Despite repeated requests and notices, Defendants have failed to cease the frequent, low-altitude laps(especially lemniscate) and overflights.

## CAUSE OF ACTION I: INVERSE CONDEMNATION (REGULATORY TAKING)

10. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9.

11. The sustained pattern of frequent, low-altitude overflights by the Defendants' aircraft constitutes a direct and substantial invasion of the Plaintiff's property rights.

12. This continuous and repetitive interference has diminished the value of the property and its utility to the Plaintiff, resulting in a permanent taking of an avigation easement over the property for which just compensation is required under the Fifth Amendment of the U.S. Constitution, made applicable to the states by the Fourteenth Amendment.

13. The fair market value of the property rights taken is reasonably estimated to be **$50,000.00**.

## CAUSE OF ACTION II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

14. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9.

15. The Defendants' conduct, including the dramatic increase in flights following a request to stop, and the pattern of low-altitude flight maneuvers specifically over the residence, was intentional, extreme, and outrageous.

16. The Defendants knew or should have known that their conduct would cause severe emotional distress to the Plaintiff, particularly given the Plaintiff's documented disability (SSDI for PTSD), which is demonstrably exacerbated by the loud, frequent, and unpredictable overflights.

17. The Defendants' conduct was a direct and proximate cause of the severe emotional distress suffered by the Plaintiff.

18. As a result of the Defendants' conduct, the Plaintiff has suffered damages, including but not limited to, physical and mental pain and suffering.

19. Damages for IIED are reasonably estimated to be **$450,000.00**.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Brent Elisens, prays for judgment against the Defendants, UMA and MIF jointly and severally, as follows:

A. For damages on the claim of Inverse Condemnation in the amount of **$50,000.00**. B. For damages on the claim of Intentional Infliction of Emotional Distress in the amount of **$450,000.00**. C. For costs associated with this action, including filing fees. D. For reasonable attorney's fees as permitted by law. E. For such other and further relief as the Court deems just and equitable.



_____11/22/2025_____