UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRENT ELISENS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:25-cv-00617-LEW |
| ) | |
| MAINE INSTRUMENT ) | |
| FLIGHT, et al., ) | |
| ) | |
| Defendants ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff alleges a public university and associated flight training school have taken his property without compensation by frequently flying over his residence. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 5.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, for the reasons explained below, I recommend the Court dismiss the matter.

#### FACTUAL ALLEGATIONS

Plaintiff lives at a residential property located in Kennebec County, Maine. According to Plaintiff, beginning in 2022, Defendants have made frequent low-altitude flights over or adjacent to Plaintiff's property. Plaintiff claims the noise and vibration

interfere with his use and enjoyment of the property. In 2023, Plaintiff requested Defendants cease the flights, but the flights have continued. Plaintiff asserts claims for inverse condemnation (regulatory taking) and the intentional infliction of emotional distress.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Solutions*, No. 2:19-cv-00032-JDL, 2019 WL

5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"The Takings Clause of the Fifth Amendment, which applies to the states through the Fourteenth Amendment, prohibits the taking of private property for public use without just compensation." *Franklin Memorial Hospital v. Harvey*, 575 F.3d 121, 125 (1st Cir. 2009). "The Supreme Court has recognized two types of takings: physical takings and regulatory takings." *Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 27–28 (1st Cir. 2007).

A physical taking occurs when the government "uses its power of eminent domain to formally condemn property," when it "physically takes possession of property without acquiring title to it" or "when it occupies property[.]" *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147–48 (2021). A regulatory taking occurs when the government places significant restrictions on the owner's use of the property, which inquiry requires "a careful examination and weighing of all the relevant circumstances," including the burdens and economic impacts of the regulation. *Maine Education Association Benefits Trust v. Cioppa*, 695 F.3d 145, 153 (1st Cir. 2012) (discussing *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 124 (1978)).

Plaintiff's takings claim is a physical taking claim, based on the government's occupation of his property, rather than a regulatory taking claim as he alleges. The Supreme Court has found an "occupation" physical taking occurred where (a) recurring

3

flooding resulted from the building of a dam, see *United States v. Cress*, 243 U.S. 316 (1917), (b) cable companies were allowed to install cables and electronics boxes on rental property, see *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982), (c) a building permit was conditioned on a landowner granting the public an easement for beach access, see *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), (d) a labor relations board required that a business owner permit labor organizers regular access to meet with workers, *Cedar Point Nursery*, 594 U.S. 139, and, (e) as Plaintiff alleges, aircraft flew frequently at low-altitude, *United States v. Causby*, 328 U.S. 256 (1946).

Congress and the Supreme Court have long rejected the historical view of real property rights as extending upward endlessly and have declared that navigable airspace is a "public highway." *United States v. Causby*, 328 U.S. 256, 261 (1946) (recognizing statutory and regulatory airspace classifications, including the general 500-foot minimum safe altitude except near airports). The airspace-as-public-domain principle has a limit, however. Landowners "must have exclusive control of the immediate reaches of the enveloping atmosphere," including "at least as much of the space above the ground as [the owner] can occupy or use in connection with the land," because "[o]therwise buildings could not be erected, trees could not be planted, and even fences could not be run." *Id.* at 264.

As federal courts have interpreted landmark cases like *Causby*, absent unusual circumstances, takings claims based on alleged noise or vibrations are routinely rejected when the alleged overflights occur in ordinary navigable airspace, typically above 500 feet, s*ee Argent v. United States*, 124 F.3d 1277, 1282 (Fed. Cir. 1997), but below that altitude,

4

aircraft can be "so close to the land," that "continuous invasions" of the lowest airspace "affect the use of the surface of the land itself" and are therefore "in the same category as invasions of the surface." *Causby*, 328 U.S. at 265.

Here, although Plaintiff invokes a type of conduct that could conceivably support a takings claim, Plaintiff's allegations are insufficient to support a claim. For instance, Plaintiff has not alleged enough facts to support a finding that either named defendant could be liable for a taking of Plaintiff's property interest. One of the defendants (Maine Instrument Flight) is evidently a private entity, not a state actor. *See Flagg v. Yonkers Sav. and Loan Ass'n*, 396 F.3d 178, 186-87 (2d Cir. 2005) (a takings claim is not actionable without state action). The relationship of the other defendant, the state university system, to the flights and the defendant's responsibility for the flights are not apparent from Plaintiff's allegations. In fact, Plaintiff's complaint suggests that the private entity is the operator of the flights. (Complaint ¶ 5.) Takings claims based on very low altitude overflights, such as those necessary for takeoff and landing at an airport, ordinarily will not lie against aircraft operators and instead will lie against the public entity possessing the power of eminent domain, such as the municipal entity that builds or operates an airport. *See Griggs v. Allegheny County, Pennsylvania*, 369 U.S. 84, 89 (1962) (concluding that it was "the promoter, owner, and lessor of the airport . . . who took the air easement in the constitutional sense," not the federal government or airlines).

More fundamentally, even if Plaintiff had alleged facts that would support a finding that the named entities are proper defendants for a takings claim based on what is often termed an avigation easement, Plaintiff's complaint lacks the relevant facts to state an

5

actionable claim.  Plaintiff used the labels "frequent" and "low-altitude" when describing the flights, but he included no specific factual allegations about the duration, time of the day, or altitude of the flights.  Plaintiff claims the flights "substantially interfere" with his enjoyment of the property, but he provided no information that courts have typically considered when assessing the extent of the impact on the use or enjoyment of the land, such as the inability to hear or communicate, movement of or damage to items on the land, harm to animals, or a significant difference in appraisals before and after an increased frequency of flights.[1]

In sum, Plaintiff's takings "allegations are insufficient because they do no more than recite labels and conclusions and repeat the elements of the cause of action without providing sufficient factual information." *See Taylor v. United States*, 959 F.3d 1081, 1090 (Fed. Cir. 2020) (quotation marks omitted) (affirming dismissal of a complaint alleging a taking of an avigation easement).  The pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff also claims that Defendants' conduct constitutes the intentional infliction of emotional distress.  Regardless of whether Plaintiff's allegations would support such a claim for the intentional infliction of emotional distress, because Plaintiff has not stated a federal claim, the Court should not exercise supplemental jurisdiction over the alleged state

---

[1] The only fact Plaintiff alleged about Defendants' flights is that one of their ten aircraft made approximately 125 total flights in 2022 and approximately 575 flights in 2023.  The allegation does little, if anything, to establish the requisite frequency of very low altitude overflights because Plaintiff does not even allege what proportion of that aircraft's flights went over his property or for how long.

6

law tort claim. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"). Accordingly, dismissal of the matter is warranted.

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, for the reasons explained herein, I conclude that Plaintiff has not alleged sufficient facts to support an actionable takings claim. Accordingly, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of February, 2026.