UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRENT ELISENS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00617-LEW |
| | ) | |
| MAINE INSTRUMENT FLIGHT and | ) | |
| UNIVERSITY OF MAINE SYSTEM, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON RECOMMENDED DECISION AND OBJECTION**

On February 20, 2026, the United States Magistrate Judge filed with the court, with copies to pro se Plaintiff Brent Elisens, his Recommended Decision After Review of Plaintiff's Complaint (ECF No. 8), in which the Magistrate Judge recommends that the case be dismissed.  Plaintiff filed his Objection (ECF No. 9) on February 21, 2026, and also filed a couple of exhibits thereafter (ECF Nos. 10, 11).  I have reviewed and considered the Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated by the Recommended Decision.  I incorporate by reference the Recommended Decision's recitation of the pleading standard as well as the components of an inverse possession case involving an "avigation" easement.

Based on Plaintiff's submissions, the University of Maine System allegedly is responsible for the operation of an aircraft registered as N71UM and its instructors and students conducts frequent, low altitude flights directly over and/or immediately adjacent to Plaintiff's residence. Reading Plaintiff's Objection as presenting supplemental allegations, Plaintiff also alleges that aircraft operators practice altitude and throttle adjustments directly over his property that maximize engine noise.  Although the standard for success on an avigation-easement, inverse condemnation

claim appears to be rather demanding, I find that the allegations of the Complaint as supplemented by the Objection are minimally sufficient to state a claim. The precise altitude, frequency, and decibel levels of the alleged overflights do not need to be proven or stated in exacting detail at this stage. Service of the Complaint on the University of Maine System is appropriate at this time, without prejudice to the System's ability to move to dismiss the claim based on the failure to name the proper defendant, sovereign immunity, or other grounds.

As for Maine Instrument Flight, the other named Defendant, I agree with the recommendation that the allegations do not suggest that this private company would be liable on a takings claim since it does not appear to be a government entity. Additionally, based on my own screening review, I dismiss summarily the intentional infliction of emotional distress (IIED) claim for failing to state a claim for which relief may be granted. The elements of an IIED claim include a requirement that the defendant's conduct was so "extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community." *Curtis v. Porter*, 784 A.2d 18, 22-23 (Me. 2001) (quoting *Champagne v. Mid-Maine Med. Ctr.*, 711 A.2d 842, 847 (1998)). Plaintiff's allegations offer enough to support a finding that an objective, reasonable person would experience frustration and annoyance with the noise associated with Defendants' flights over Plaintiff's property, but the allegations are not enough to support a finding of conduct so extreme and outrageous as to exceed all possible bounds of decency to qualify as atrocious and utterly intolerable. Since the Complaint does not state a viable claim against Maine Instrument Flight, Maine Instrument Flight will be dismissed without prejudice.

Before concluding this Order, I note that Plaintiff's supposition that he might recover a money damages award in federal court against an agency of the State of Maine is problematic on Eleventh Amendment grounds. The Eleventh Amendment, however, would not apply to a takings

claim presented in a State of Maine court.  *See also* Me. Const. Art. 1, § 21.  It only applies in a federal court.[1]

---

[1] In a somewhat similar case, a judge in the Northern District of New York addressed an Eleventh Amendment challenge as follows:

> Plaintiffs argue that the "Supreme Court has never addressed the applicability of Eleventh Amendment immunity to Takings Clause claims filed against States" and "[s]ubstantial scholarship supports the view that the Eleventh Amendment is inapplicable to such claims." (Dkt. No. 37-1, at 19).

> A district court in the United States District Court for the Eastern District of New York has recently considered, and rejected, this argument. The court noted that while "neither the Supreme Court nor the Second Circuit has decisively resolved" whether the Eleventh Amendment immunizes a state agency from a takings claim brought in federal court, "[t]he overwhelming weight of authority among the circuits" is that "sovereign immunity trumps the Takings Clause – at least where ... the state provides a remedy of its own for an alleged violation." *Cmty. Hous. Improvement Program v. City of New York*, No. 19-cv-4087, 2020 WL 5819900, at * 3, 2020 U.S. LEXIS 181189, at *10 (E.D.N.Y. Sept. 30, 2020). The court noted that the Second Circuit "recently affirmed a decision that held the Eleventh Amendment to bar a takings claim, but in a non-precedential summary order that did not analyze the question in detail." *Id.* (citing *Morabito v. New York*, 803 F. App'x 463, 464-65 (2d Cir. 2020)) (summary order) (affirming dismissal of Takings Clause claim against New York, a state agency and state official in his official capacity because the Eleventh Amendment "generally bars suits in federal courts by private individuals against non-consenting states"), *aff'g* No. 17-cv-6853, 2018 WL 3023380, 2018 U.S. Dist. LEXIS 101502 (W.D.N.Y. June 18, 2018). The Eastern District of New York court concluded that sovereign immunity barred a money damages takings claim against New York, a state agency and a state official in his official capacity. *Cmty. Hous. Improvement Program*, 2020 WL 5819900 at *4, 2020 U.S. LEXIS 181189, at *14-15. Other district courts within the Circuit have issued similar rulings. *See MPHJ Tech. Invs., LLC v. Sorrell*, 108 F. Supp. 3d 231, 242 (D. Vt. 2015) (ruling that "to the extent [Plaintiff] is seeking damages under the Takings Clause, its claim against the Attorney General in his official capacity is barred by the Eleventh Amendment); *Gebman v. New York*, No. 07-cv-1226, 2008 WL 2433693, at *4, 2008 U.S. Dist. LEXIS 46125, at *11-12 (June 12, 2008) (ruling that the Eleventh Amendment bars § 1983 due process and regulatory takings claims against the State).

> This Court agrees and declines to rule, absent any persuasive authority,[] that a Takings Clause claim abrogates Eleventh Amendment state sovereign immunity. Therefore, all of Plaintiffs' § 1983 claims against DOT for monetary relief and against Dominguez in her official capacity for monetary relief must be dismissed because they are barred by the Eleventh Amendment.[]

*5465 Route 212, LLC v. New York State Dep't of Transp.*, No. 1:19-cv-01510, 2020 WL 6888052, at *5-6 (N.D.N.Y. Nov. 24, 2020) (footnotes omitted).  In addition to the Eleventh Amendment concern, if Plaintiff decides to remain in this Court he may need to name as a defendant the officer responsible for the operation of the Augusta State Airport.  For now, however, the allegations are minimally sufficient to state a claim and identify one seemingly responsible state agency.

Based on my *de novo* screening analysis of Plaintiff's pleadings, including supplemental assertions found in his Objection, the Recommended Decision of the Magistrate Judge is OVERRULED IN PART and AFFIRMED AND ADOPTED IN PART (ECF No. 8). Plaintiff's claim of intentional infliction of emotional distress is DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim. Additionally, Defendant Maine Instrument Flight is dismissed without prejudice. The remaining claim for the alleged taking of property without just compensation will be served on the University of Maine System by the United States Marshals Service.

SO ORDERED.

Dated this 17th day of April, 2026.

/s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE